DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Williams, Sr., appeals the decision of the Lorain County Court of Common Pleas, which granted Appellee, Spitzer Auto World's ("Spitzer") motion for judgment notwithstanding the verdict as to his claims of disparate treatment and constructive discharge. This Court affirms in part and reverses in part. *Page 2 
 I. {¶ 2} Mr. Williams, an African-American, became an employee of Spitzer in January 2001. He remained employed at Spitzer until he resigned on March 4, 2003.
 {¶ 3} On October 1, 2003, Mr. Williams filed a nine-count complaint against Appellee Spitzer and ten John Does.[1] In the complaint, Mr. Williams alleged that Spitzer and the other defendants were liable for racial discrimination through racial harassment, racial discrimination through disparate treatment, constructive discharge, breach of contract, promissory estoppel, intentional infliction of emotional distress, fraud, libel per se, and slander per se.
 {¶ 4} On January 31, 2006, the trial court granted summary judgment in favor of Spitzer as to breach of contract, promissory estoppel, fraud, and slander per se. The trial court denied Spitzer's motion for summary judgment on the remaining five counts.
 {¶ 5} The matter proceeded to a jury trial which began on September 12, 2006. Spitzer moved for a directed verdict at the end of Mr. Williams' case-in-chief and at the conclusion of the presentation of all the evidence. Both motions were denied by the trial court. At the end of the five-day trial, the jury found in favor of Spitzer as to the racial discrimination, intentional infliction of emotional *Page 3 
distress, and libel per se claims. The jury found in favor of Mr. Williams as to the disparate treatment and constructive discharge claims. Mr. Williams was awarded a total of $52,333.00 in compensatory damages and $106,000 in punitive damages.
 {¶ 6} On October 4, 2006, Spitzer filed a motion for judgment notwithstanding the verdict. On October 16, 2006, Mr. Williams filed his memorandum in opposition. The trial court granted Spitzer's motion for judgment notwithstanding the verdict and entered judgment in favor of Spitzer as to the disparate treatment and constructive discharge claims on December 29, 2006.
 {¶ 7} Mr. Williams timely appealed the trial court's granting of Spitzer's motion for judgment notwithstanding the verdict, asserting three assignments of error for review. Spitzer has set forth a cross-assignment of error on appeal. This Court will address Mr. Williams' appeal first.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY GRANTING SPITZER'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BASED ON THE CONCLUSION THAT THE JURY INSTRUCTIONS WERE CONTRARY TO LAW[.]"
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING SPITZER'S MOTION FOR [JUDGMENT NOTWITHSTANDING THE VERDICT] BASED ON THE CONCLUSION THAT MR. WILLIAMS MUST HAVE BEEN FOUND HARASSED BECAUSE OF RACE IN ORDER TO PROVE A CLAIM FOR DISPARATE TREATMENT AND CONSTRUCTIVE DISCHARGE." *Page 4 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING SPITZER'S [MOTION FOR] JUDGMENT NOTWITHSTANDING THE VERDICT."
 {¶ 8} In his three assignments of error, Mr. Williams asserts that the trial court erred in granting Spitzer's motion for judgment notwithstanding the verdict. Specifically, Mr. Williams argues that the trial court erred in holding that in order for a plaintiff to prevail on a claim for disparate treatment or constructive discharge, the unlawful action allegedly committed by the defendant must be based on race. This Court agrees with Mr. Williams as to his claim of disparate treatment. However, we find that his argument as to his constructive discharge claim lacks merit.
 {¶ 9} The decision to grant or deny a Civ.R. 50(B) motion for judgment notwithstanding the verdict (JNOV) is reviewed de novo. Osler v.Lorain (1986), 28 Ohio St.3d 345, 347 (equating the test regarding review of a judgment notwithstanding the verdict to the test applied to review a directed verdict); directed verdict is reviewed de novo.Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512,2002-Ohio-2842, at ¶ 4 (setting forth the standard for directed verdict). JNOV is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the non-moving party reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 50(B); Goodyear at ¶ 3. Such a decision does *Page 5 
not determine factual issues, but only questions of law, even though it is necessary to review and consider the evidence in deciding the motion.Goodyear at ¶ 4. "Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon [JNOV]." Osler, 28 Ohio St.3d at 347, quoting Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d at 271, 275.
Mr. Williams' Constructive Discharge Claim {¶ 10} The jury found in favor of Spitzer as to Mr. Williams' employment discrimination claim. Mr. Williams claimed that he suffered employment discrimination due to a hostile work environment.
 {¶ 11} In order to support a claim for hostile environment race harassment, a party must prove the following:
 "(1) that the harassment was unwelcome, (2) that the harassment was based on race, (3) that the harassing conduct was sufficiently severe or pervasive to affect the `terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, know or should have known of the harassment and failed to take immediate and appropriate corrective action.' (Internal citations omitted.)" White v. Bay Mechanical Elec. Corp. 9th Dist. No. 06CA008930, 2007-Ohio-1752 at ¶ 8, quoting Hampel v. Food Ingredients Specialties, Inc.
(2000), 89 Ohio St.3d 169, 176-77.
 {¶ 12} In discussing the standard of review for constructive discharge claims, this Court held:
 "The standard in this district for a constructive discharge claim has always been `whether the employer's actions made working conditions so intolerable that a reasonable person under the *Page 6 
circumstances would have felt compelled to resign.' Collins v. Flowers, 9th Dist. No. 04CA008594, 2005-Ohio-3797, at ¶ 48, quoting Mauzy v. Kelly Servs., Inc. (1996), 75 Ohio St.3d 578, 588-89. This would require a showing of more adverse conditions than would a hostile environment harassment claim, because the latter requires only a showing that the conditions were severe and pervasive enough to affect working conditions. Logically, working conditions may be affected without an employee's feeling compelled to resign. We therefore expressly adopt the principle of the Seventh Circuit that a party's failure to support a claim for hostile environment race harassment necessarily results in the failure of an attendant claim of constructive discharge." White at ¶ 16.
 {¶ 13} In the present matter, the jury found in favor of Spitzer as to Mr. Williams' claim of employment discrimination based on a hostile work environment. Specifically, the jury found that Mr. Williams had failed to prove that any harassment he suffered was based on race. Given the jury's finding that Mr. Williams failed to prove that he suffered any harassment based on race, this Court finds that the trial court properly granted Spitzer's motion for judgment notwithstanding the verdict as to Mr. Williams' constructive discharge claim.
Disparate Treatment {¶ 14} It is an unlawful discriminatory practice for any employer to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [a] person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment[,]" on the basis of, among other things, race. R.C. 4112.02(A). The Ohio Supreme Court has held that federal case law construing Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112. *Page 7 Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civil RightsComm. (1981), 66 Ohio St.2d 192, 196.
 {¶ 15} Plaintiffs may show that they were the victims of a discriminatory practice by either direct evidence or indirect evidence; Mr. Williams has pursued the latter route. Ohio courts analyze R.C. Chapter 4112 discrimination claims that are based upon indirect evidence under the framework provided by McDonnell Douglas Corp. v. Green (1973),411 U.S. 792.
 {¶ 16} Under McDonnell Douglas, a plaintiff may make a prima facie showing of discrimination by establishing that he (1) was a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position, and that (4) a comparable nonprotected person received better treatment. See Mitchell v. Toledo Hosp. (C.A.6, 1992), 964 F.2d 577, 581. Mr. Williams attempted to make out his prima facie case under this "disparate treatment" formula.
 {¶ 17} In instructing the jury regarding Mr. Williams' disparate treatment claim, the court said, in relevant part:
 "Thus, the employee must prove by the greater weight of the evidence that race or color was a determining factor for the Defendant's negative treatment of Plaintiff.
 "`Determining factor' means that the employee's race or color made a difference in the Defendant's conduct. There may be more than one reason for the employer's actions. The employee need not prove that race or color was the only reason. It is not a determining factor if the employee would have been treated the same by Defendants regardless of his race or color." (Emphasis added.) *Page 8 
 {¶ 18} However, in its journal entry, the trial court stated: "[I]n spite of any jury instructions to the contrary, unlawful action by Defendant Spitzer against the Plaintiff must be based on race for Plaintiff to be successful." The trial court correctly stated in the jury instructions regarding the disparate claim that race may be "a" determining factor. See Tooson v. Roadway Express, Inc. (C.A.6, 2002), 47 Fed.Appx. 370, 373 ("The court made clear that the plaintiff's race need not have been the exclusive factor in the decision, it need only have `made a difference.' This definition is correct.") However, in its journal entry, the trial court made it a requirement that Spitzer's actions be based exclusively on race in order for Mr. Williams to prevail on his disparate treatment claim. In so doing, the trial court erred in granting Spitzer's motion for judgment notwithstanding the verdict as to Mr. Williams' disparate treatment claim.
 {¶ 19} Mr. Williams' assignments of error are sustained as to his claim of disparate treatment and overruled as to his claim of constructive discharge.
 SPITZER'S CROSS-ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLEE'S MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF APPELLANTS' (sic) CASE IN CHIEF AND AGAIN AT THE CLOSE OF ALL THE EVIDENCE AS APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF BOTH DISPARATE TREATMENT AND CONSTRUCTIVE DISCHARGE[.]"
 {¶ 20} In its cross-assignment of error, Spitzer contends that the trial court erred by not granting its motion for directed verdict on Mr. Williams' claims of *Page 9 
disparate treatment and constructive discharge. For the reasons set forth below, this Court declines to address this argument.
 {¶ 21} App.R. 3(C)(1) provides:
 "A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4."
 {¶ 22} Spitzer argues in its brief that the trial court erred in denying its motions for directed verdict. Acknowledging that it did not file a notice of appeal or cross appeal from that judgment, Spitzer claims that it was not required to do so under App.R. 3(C)(2) which provides: "A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal."
 {¶ 23} Contrary to Spizter's assertion, a finding that the trial court erred in denying its motions for directed verdict substantially changes the order of the trial court. Therefore, because Spitzer failed to file a notice of cross appeal as required by App.R. 3(C)(1), this issue is not properly before this Court. Therefore, this Court declines to address Spitzer's cross-assignment of error.
 III. {¶ 24} Mr. Williams' three assignments of error are sustained as to his claim of disparate treatment and overruled as to his claim of constructive *Page 10 
discharge. Spitzer's cross-assignment of error is not properly before this Court. The judgment of the Lorain County Court of Common Pleas is affirmed in part, and reversed in part, and remanded for proceedings consistent with this decision.
[1] In this appeal, we will refer to Appellees collectively as "Spitzer."
Judgment affirmed in part, reversed in part, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to both parties equally. *Page 11 
MOORE, J. CONCURS