[Cite as *Wojcik v. Pratt*, 2011-Ohio-5012.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PAUL WOJCIK, et al.

    Appellants

    v.

EDWARD PRATT, et al.

    Appellees

C.A. No.      25609

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2006-07-4434

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

**{¶1}** Appellants, Paul and Heidi Wojcik, appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** The Wojciks own property next to a parcel on which appellees Joseph and Angelo Butano reside. In 2004, the Butanos purchased their home from appellee, Edward Pratt. In 1988, Pratt expanded a pond that had previously existed on the property. In 1998, The Wojciks purchased their property and later began to construct a new home. They believe that their land, situated at an elevation slightly lower than the Butanos' property, suffers from water traveling above and below ground from the pond on the Butanos' property. The Wojciks filed suit in 2005 but voluntarily dismissed that complaint. In 2006, they re-filed the suit. Pratt and the Butanos ("pond owners") eventually moved for summary judgment on the basis that any trespass was a permanent trespass for which the statute of limitations had expired. The trial court agreed and

granted summary judgment in favor of the pond owners. The Wojciks appealed. In *Wojcik v. Pratt* ("*Wojcik I*"), 9th Dist. No. 24583, 2009-Ohio-5147, this Court reversed the trial court's grant of summary judgment in favor of the pond owners. In that case, we determined that any trespass was a continuous trespass due to the pond owners' retention of ownership and control over the pond. Id. at ¶22. Therefore, the four-year statute of limitations served to limit rather than completely bar the Wojciks' potential recovery. Id. at ¶26. We remanded the matter to the trial court.

{¶3} Upon remand of *Wojcik I*, the trial court held a jury trial on all of the Wojciks' claims, including the existence of trespass. The jury found in favor of the pond owners on all causes of action. In response to Interrogatory A, which directly addressed trespass and asked, "[d]id defendants' actions alter or change the natural flow of water on their property?" the jury circled "No."

{¶4} The Wojciks timely filed a notice of appeal. They raise a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT EXCEEDED THE MANDATE OF THE COURT OF APPEALS BY ALLOWING A REEXAMINATION OF THE LEGAL CONCLUSION THAT EXPANSION OF THE POND AT ISSUE CREATED A CONTINUOUS TRESPASS ON [THE WOJCIKS'] PROPERTY, WHEN THAT ISSUE HAD ALREADY BEEN DECIDED BY THE TRIAL COURT AND AFFIRMED ON APPEAL."

{¶5} In the Wojciks' assignment of error, they contend that the trial court exceeded the mandate of the court of appeals by allowing the reexamination of the legal conclusion that the expansion of the pond at issue created a continuous trespass on their property, an issue they contend was previously decided by this Court on appeal. Essentially, the Wojciks contend that

the law of the case barred the pond owners from relitigating the existence of a trespass from the pond. They further contend that the existence of a trespass is a legal issue and that once the trespass was established they were entitled at least to nominal damages. We do not agree for two reasons. First, the only issue this Court actually decided in *Wojcik I* was the statute of limitations. Any discussion of the existence of trespass was in the context of whether any trespass, assuming it existed, was permanent or continuous. Neither this Court nor the trial court decided that the elements of trespass had been established. Second, to the extent that any claimed error was committed by the trial court allowing the jury to consider whether trespass was committed, the Wojciks failed to object and in fact invited the error by submitting jury instructions on trespass, arguing the existence of trespass in closing arguments, and failing to object to the trespass instruction given to the jury by the judge.

{¶6} The Wojciks cite *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, for the proposition that the trial court exceeded the scope of its authority on remand. In *Nolan*, the Supreme Court of Ohio discussed the law-of-the-case doctrine. Law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the *legal* questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Emphasis added.) Id. at 3. The doctrine is, however, "a rule of practice rather than a binding rule of substantive law" and is not to be "applied so as to achieve unjust results." Id. Even if we were to assume that the existence of trespass is a question of law rather than fact, this Court did not decide the issue in *Wojcik I*. In their merit brief, the Wojciks argue that "[t]his Court stated in its decision in the first appeal, 'the trial court found that construction of the pond was the single act that created a permanent trespass. We agree that the expansion of the pond to its current size was the single act creating the trespass.'" *Wojcik I* at ¶19. In that appeal, the Wojciks argued that the

trial court erred when it determined that the trespass was permanent rather than continuous, resulting in a statutory four-year statute of limitations. This Court presumed the existence of a trespass and examined only how to classify the trespass in the context of determining the appropriate statute of limitations. Notably, neither this Court nor the trial court discussed the elements of trespass, such as the reasonableness of the pond owners' use or diversion of surface water. In *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St.2d 55, 60, the Supreme Court of Ohio adopted the following rule for resolving surface water controversies:

**{¶7}** "* * * (A) possessor of land is not unqualifiedly privileged to deal with surface water as he pleases, nor is he absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others. He incurs liability only when his harmful interference with the flow of surface water is unreasonable. In determining the reasonableness of an interference, the trier of fact is to be guided by the rules stated in 4 Restatement on Torts 2d 108-142, Sections 822-831." (Quotation and citation omitted.) Id.

**{¶8}** Here, neither court analyzed or addressed the reasonableness of any change to the flow of surface water that the pond owners may have made. Without some determination of the reasonableness of the alleged changes caused by the pond owners, it cannot be said that the issue of trespass was previously decided. Moreover, the fact that the trier of fact is required to determine the reasonableness of any changes suggests that, at least in the context of trespass caused by surface water, the issue is one of fact rather than law. And, as noted above, the law-of-the-case doctrine applies only to legal issues. *Nolan*, 11 Ohio St.3d at 3.

**{¶9}** Additionally, even if we were to assume that the trial court had the power to grant summary judgment on a ground upon which the Wojciks did not move, which it did not, see *State ex rel. J.J. Detweiler Ents., Inc. v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659, at ¶13; *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, syllabus ("Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party."), error, if any, in trying the issue of the existence of trespass was invited by the Wojciks. For that reason, they cannot now complain that the issue was placed before the jury.

**{¶10}** The invited-error doctrine is a well-settled principle of law under which "[a] party will not be permitted to take advantage of an error which he himself invited or induced." *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.* (1986), 28 Ohio St.3d 20, paragraph one of the syllabus. The pond owners aptly cited *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008-Ohio-3698, for the proposition that a party who not only failed to object to jury instructions but also requested them and argued the case on that basis, cannot later take advantage of that error. Id. at ¶39.

**{¶11}** In the first appeal of this matter, we reversed the trial court's entry of summary judgment in favor of the pond owners on the basis of the statute of limitations and remanded the matter to the trial court. *Wojcik I* at ¶26. At that time, the language of our opinion upon which the Wojciks have now seized was readily before them. On remand, the Wojciks filed a fourth amended complaint, which the pond owners answered. The Wojciks submitted a trial brief in which they asserted that an adjoining landowner is liable for altering the natural flow of surface water across his property and diverting it onto a neighbor's property, citing *McGlashan*, supra. The Wojciks' use of this case indicates their understanding that liability for any trespass was in

dispute. Moreover, as in *McDonagh*, the Wojciks submitted a proposed jury instruction on trespass:

{¶12} "1. GENERAL. The plaintiff claims that the defendant has trespassed on plaintiffs [sic] land at 99 West Highland Road and located in Northfield Center Township, causing damage to the plaintiff. *To establish this claim*, the plaintiff must prove by greater weight of the evidence that the plaintiffs were in possession land [sic] and that the defendant entered upon the land by allowing waters from the pond located on defendants [sic] property to flow onto and th[r]ough planitiffs [sic] land without permission from the plaintiff." (Emphasis added.)

{¶13} In closing arguments, the Wojciks' counsel argued that, "First, plaintiff has brought a cause of action for trespass. In trespass plaintiff has to prove that he owns the land. I think it's clear that plaintiffs do own this land, that defendant allowed water to enter on the land and cause damage, and they did this by unreasonably altering the flow of the water so it went on to the plaintiffs' land. Not that they intended to do that, but that they did that. * * * Ladies and gentlemen of the jury, if you listen to all the evidence and review all the evidence, I know you will return a verdict in favor of the plaintiffs."

{¶14} The trial court provided the following instruction regarding trespass: "The plaintiffs claim that the defendants have trespassed on certain land causing damage to the plaintiffs. To establish this claim, the plaintiffs must prove by the greater weight of the evidence that the plaintiffs were in possession of the land and that the defendants entered upon the land without permission from the plaintiffs. * * *" After fully instructing the jury, the court then inquired: "Anything further from either counsel as to the jury instructions?" All counsel said no.

**{¶15}** Taken together, the Wojciks' actions in the trial court demonstrate that the existence of trespass was a matter under dispute.  They never contended that this Court established the existence as a matter of law.  They proposed a jury instruction regarding proof of trespass, their closing argument at trial embraced the elements they had to demonstrate to prove trespass, and the final jury instructions given by the judge, to which the Wojciks did not object, included the elements of trespass.  As in *McDonagh*, error, if any, in submitting the issue of trespass to the jury was invited by the Wojciks and they cannot now take advantage of a situation that they created.  *McDonagh* at ¶39.  The Wojciks are now bound by the jury's verdict.

**{¶16}**  Accordingly, the Wojciks' assignment of error is overruled.

III.

**{¶17}**  The Wojciks' assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

BRUCE H. WILSON, Attorney at Law, for Appellants.

CRAIG S. COBB, Attorney at Law, for Appellee.

JEAN ANN SHOWALTER, Attorney at Law, for Appellees.