[Cite as *Ohio Metal Servs., L.L.C. v. TrueForge Mach. Corp.*, 2013-Ohio-1776.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OHIO METAL SERVICES, LLC

    Appellee

    v.

TRUEFORGE GLOBAL MACHINERY
CORP, et al.

    Appellant

C.A. No.     26401

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2011 03 1188

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

HENSAL, Judge.

**{¶1}** TrueForge Global Machinery Corp. appeals a judgment of the Summit County Court of Common Pleas granting Ohio Metal Services, LLC's motion for judgment notwithstanding the verdict and conditionally granting its motion for new trial. For the following reasons, this Court affirms.

I.

**{¶2}** TrueForge offered to buy a 2000- to 2500-ton forging press from Ohio Metal for $150,000. Ohio Metal accepted its offer, but the parties later disagreed over whether TrueForge had the right to inspect the press before completing the sale. After TrueForge refused to pay for the press, Ohio Metal sued it for breach of contract, quantum meruit, promissory estoppel, and specific performance. At trial, a jury found that TrueForge breached the contract, but it awarded Ohio Metal no damages. Ohio Metal moved for judgment notwithstanding the verdict, arguing that, since TrueForge breached the contract, it was entitled to $150,000. It also moved for a new

trial and specific performance. The trial court granted Ohio Metal's motion for judgment notwithstanding the verdict. It awarded $150,000 to Ohio Metal and awarded the press to TrueForge. The court "conditionally granted" Ohio Metal's motion for new trial in the event that its ruling on the motion for judgment notwithstanding the verdict was overturned. It denied the motion for specific performance. TrueForge has appealed, assigning as error that the trial court incorrectly granted Ohio Metal's motions for judgment notwithstanding the verdict and new trial.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS MARCH 20 ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.

{¶3} TrueForge argues that the trial court incorrectly granted Ohio Metal's motion for judgment notwithstanding the verdict. The court determined that the evidence presented at trial "unambiguously established" that the value of the press was $150,000. Accordingly, once the jury determined that TrueForge breached the contract, it should have awarded Ohio Metal the value of the press. The court, therefore, awarded $150,000 to Ohio Metal and the press to TrueForge.

{¶4} After a court enters judgment on a jury's verdict, a party may file a motion for judgment notwithstanding the verdict in order to have the judgment set aside on grounds other than the weight of the evidence. Civ.R. 50(B). This Court reviews a trial court's grant or denial of a judgment notwithstanding the verdict de novo. *Williams v. Spitzer Auto World Amherst, Inc.*, 9th Dist. No. 07CA009098, 2008-Ohio-1467, ¶ 9, citing *Osler v. Lorain*, 28 Ohio St.3d 345, 347 (1986). "[A judgment notwithstanding the verdict] is proper if upon viewing the evidence in a light most favorable to the [nonmoving] party and presuming any doubt to favor the

nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Williams* at ¶ 9, citing Civ.R. 50(B).

{¶5} TrueForge argues that the "value" of the press is irrelevant in an action for breach of contract. It argues that, under Revised Code Section 1302.83, Ohio Metal was only entitled to recover the full contract price if Ohio Metal was unable to resell the forge after making a reasonable effort to resell it. TrueForge asserts that there is evidence in the record that Ohio Metal did not make a reasonable effort to resell the forge at a reasonable price. Accordingly, just because it breached the contract does not mean Ohio Metal was entitled to damages.

{¶6} Section 1302.83 provides that, if "the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages * * * the price * * * of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price * * *." Consistent with that section, the court instructed the jury that, "if you find by the greater weight of the evidence that TrueForge breached the contract, Ohio Metal may recover the price of the press if Ohio Metal was unable after reasonable effort to resell the press at a reasonable price." It also instructed the jury regarding mitigation of damages, advising that, "[i]f * * * Ohio Metal did not use reasonable diligence or make reasonable efforts under the facts and circumstances * * * to avoid or lessen damages caused by TrueForge's breach, you should not allow damages that could have been avoided * * *." The court further instructed the jury that, if TrueForge breached the contract "and you further find that Ohio Metal has failed to prove any damages * * *, you may award * * * nominal damages."

{¶7} After the jury retired to deliberate, it asked several questions. The first was: "What is the final disposition of the press * * * if we rule in favor of: A, the plaintiff, B, the defendant?" The court, with agreement of the parties, answered: "The jury should not address

this issue." The second question was: "When considering damages, does the jury consider an amount in between the $150,000 contract amount and zero dollars?" The court answered: "If you find that the defendant breached the contract, the jury determines damages according to the jury instructions." The third question was: "If we rule in favor of the plaintiff[ ], will the contract be enforced?" When the court indicated that it was going to answer "yes," counsel for both parties affirmed that the answer should be "[y]es." Finally, the jury asked: "If [the] compensation line on verdict form for plaintiff is zero, will the contract be enforced?" The court answered that it was unable to answer the question.

{¶8} Under the Ohio Uniform Commercial Code, if a buyer breaches a contract, the seller generally may withhold delivery of goods, resell the goods, or cancel the deal and sue for damages. R.C. 1302.77. The law, in essence, attempts to put "the seller in as good a position as performance would have done" by allowing sellers to recoup any lost profits as well as any incidental damages arising from the breach. R.C. 1302.82; 1302.84. A seller, however, does not have the right to specific performance. *Compare* R.C. 1302.90 (providing that a buyer has a right to specific performance if "the goods are unique or in other proper circumstances."). The statutory cause of action under these circumstances which is most similar in effect to specific performance is an action for price under Section 1302.83(B). Under that section, if a buyer fails to pay the price listed in a contract, the seller may recover the entire contract price if it "is unable after reasonable effort to resell [the goods] at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing." R.C. 1302.83(A)(2). If a seller sues for the price of the items, however, "he must hold for the buyer any goods which have been identified in the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment." R.C. 1302.83(B). If the seller is able to resell

the goods identified in the contract, "the net proceeds of * * * such resale must be credited to the buyer[.]" *Id.* Section 1302.83(B) further provides that, upon payment of the judgment, the buyer is "entitle[d] * * * to any goods not resold." Because a buyer is entitled to any unsold goods after paying the judgment in an action for price, an action for price can resemble an action for specific performance because each party may end up receiving exactly what they bargained for in the contract.

{¶9} Although specific performance is not a remedy that is available to a seller under the UCC, the parties agreed at trial that, if the jury ruled in favor of Ohio Metal, the contract would be "enforced." By ordering TrueForge to pay Ohio Metal $150,000 and awarding Ohio Metal the forging press, the trial court's order granting judgment notwithstanding the verdict achieved that result. In light of the parties' agreement regarding the jury instruction, we conclude that, to the extent that the trial court's order granting judgment notwithstanding the verdict is improper, TrueForge invited the error by agreeing to enforcement of the contract if the jury found in favor of Ohio Metal. *Wojcik v. Pratt*, 9th Dist. No. 25609, 2011-Ohio-5012, ¶ 10 (agreeing that "a party who not only failed to object to jury instructions but also requested them * * * cannot later take advantage of that error"), citing *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008-Ohio-3698, ¶ 39 (1st Dist.); *see State v. Murphy*, 91 Ohio St.3d 516, 535-536 (2001) (explaining that a party could not take advantage of an error if he was actively responsible for the error). TrueForge's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS MARCH 20 ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL IN THE EVENT THAT THIS COURT REVERSES ITS ORDER GRANTING JUDGMENT NOTWITHSTANDING THE VERDICT.

{¶10} TrueForge also argues that the trial court incorrectly granted Ohio Metal's motion for new trial. The court "conditionally granted" the motion under Civil Rule 50(C). That rule provides that, if a motion for judgment notwithstanding the verdict is granted, the court may conditionally grant a motion for new trial in the event that its ruling on the motion for judgment notwithstanding the verdict is reversed on appeal. Civ.R. 50(C). In light of our resolution of TrueForge's first assignment of error, however, TrueForge's second assignment of error is moot, and it is overruled on that basis. *See* App.R. 12(A)(1)(c).

### III.

{¶11} The judgment of the Summit County Court of Common Pleas, granting judgment notwithstanding the verdict to Ohio Metal, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

KEVIN J. BREEN, Attorney at Law, for Appellant.

SIDNEY N. FREEMAN, Attorney at Law, for Appellee.