DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard L. Wilson, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, The Rosemont Country Club ("Rosemont"). This Court affirms.
 I. {¶ 2} Appellant was employed as Clubhouse Maintenance Manager by Rosemont from December 7, 1999, to August of 2003. In July 2002, Lisa Glotfelty, a seasonal ladies' locker room attendant at Rosemont, allegedly complained to Rosemont's General Manager, Bill Owen, and Jennifer Laughna, a Rosemont employee, about the inappropriate and sexually perverse behavior of appellant towards her while at work.
 {¶ 3} In the spring of 2003, Angela Meyer began working at Rosemont as a seasonal ladies' locker room attendant. Ms. Meyer also allegedly reported that appellant acted in a sexually inappropriate manner towards her. Following Ms. Meyer's allegations, Owen suspended appellant pending an investigation. As a result of the investigation, appellant was terminated from his employment at Rosemont.
 {¶ 4} Appellant subsequently filed a complaint in the Summit County Court of Common Pleas naming Rosemont and certain individual board members as defendants.[1] Appellant alleged that he was terminated as a result of age discrimination and sought damages for separate claims of intentional infliction of emotional distress, wrongful termination in violation of public policy, and defamation.[2] Rosemont filed a motion for summary judgment, and appellant filed a motion in opposition. The trial court granted summary judgment in favor of Rosemont on all counts.
 {¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE COURT ERRED AS A MATTER OF LAW BY REQUIRING PLAINTIFF-APPELLANT TO SHOW THAT AGE COULD HAVE BEEN THE ONLY REASON FOR HIS DISCHARGE."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred in finding that Rosemont fired him for a legitimate, non-discriminatory reason. This Court disagrees.
 {¶ 7} An appellate court reviews a grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 9} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a grant of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan (1992),75 Ohio App.3d 205, 208.
 {¶ 10} In order to prevail in an employment discrimination action, the plaintiff-employee must first set forth facts which constitute a prima facie case of employment discrimination. Absent direct evidence of age discrimination, in order to establish a prima facie case of age discrimination in an employment discharge action, an employee must demonstrate that he or she "(1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Coryell v. Bank One TrustCo. (2004), 101 Ohio St.3d 175, paragraph one of the syllabus.
 {¶ 11} If the employee is able to establish a prima facie case, the burden then shifts to the employer-defendant to provide a legitimate, nondiscriminatory reason for plaintiff's discharge.Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146, 148, modified by Kohomescher v. Kroger Co. (1991), 61 Ohio St.3d 501, 505. Finally, if the employer does present permissible grounds for the dismissal, the employee must counter and prove by a preponderance of the evidence that the reasons which employer articulated for the firing were merely a pretext for unlawful discrimination. Id.
 {¶ 12} In the present case, it is undisputed that appellant established a prima facie case. Rosemont moved for summary judgment on the basis that it had set forth a legitimate, nondiscriminatory reason for appellant's discharge and that appellant had failed to prove that the reasons stated by Rosemont were merely a pretext for unlawful discrimination.
 {¶ 13} In its motion for summary judgment, Rosemont argued that it had a non-pretextual, legitimate, non-discriminatory reason for firing appellant, to wit: allegations of sexual harassment by two female employees who were employed as the seasonal ladies' locker room attendant at Rosemont during the time that appellant was the locker room manager. This Court agrees. It is undisputed that both Ms. Glotfelty and Ms. Meyer complained that appellant conducted himself inappropriately towards them while he was their supervisor at Rosemont. The question before this Court is whether appellant satisfied his burden of proving that Rosemont's alleged reason for his termination was merely a pretext for discrimination.
 {¶ 14} In order to prove that an employer's reasons for firing were merely a pretext, an employee must show by a preponderance of evidence one of the following: "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." (Internal citations omitted; emphasis in original.) Manzer v. DiamondShamrock Chem. Co. (C.A. 6, 1994), 29 F.3d 1078, 1083-84, quoting McNobola v. Chicago Transit Auth. (C.A. 7, 1993),10 F.3d 501, 513.
 {¶ 15} Rosemont argued in its motion for summary judgment that appellant failed to prove that the reason it gave for firing appellant was merely a pretext for discrimination. To support its argument, Rosemont relied on the depositions of appellant and William Owen, the General Manager at Rosemont. In addition, Rosemont relied on the affidavits of Angela Meyer and Lisa Glotfelty, who alleged that appellant sexually harassed them while they were employed at Rosemont, and Jennifer Laughna, a Rosemont employee.
 {¶ 16} Owen and Laughna both testified that they believed that Ms. Glotfelty was telling the truth when she complained about appellant's behavior toward her when she worked as the ladies' locker room attendant at Rosemont in 2002. Owen further stated that after Ms. Glotfelty came to him, he discussed her allegations with appellant and told him that if he did not stop behaving in an inappropriate manner towards Ms. Glotfelty, he would be terminated.
 {¶ 17} As a result of Ms. Meyer's complaints regarding appellant's behavior towards her in 2003, Owen suspended appellant from his position so that an investigation could be conducted. Owen conducted the investigation with the advice of certain members of Rosemont's board of directors. Owen and the board members who participated in the investigation believed Meyer's allegations. The decision was then made to terminate appellant's employment.
 {¶ 18} In his motion opposing Rosemont's motion for summary judgment, appellant alleged that the allegations of sexual harassment were a pretext to terminate appellant because of his age. Specifically, appellant argued that the trial court erred by requiring him to disprove each and every possible reason for his discharge other than impermissible discrimination. Although this Court agrees with appellant that the trial court erred in its analysis, we find appellant's argument to be without merit.
 {¶ 19} After reviewing appellant's motion in opposition to Rosemont's motion for summary judgment, this Court finds that appellant failed to prove that Rosemont's stated reason for his discharge — claims of sexual harassment by two former Rosemont employees which were supervised by appellant — was a pretext. It was undisputed that Meyer and Glotfelty had complained to Owen regarding appellant's behavior and that such behavior would be sufficient to warrant appellant's discharge. The question for this Court is whether appellant proved that Rosemont's proffered reason did not actually motivate his discharge. Manzer,29 F.3d at 1084. "[I]n order to make this type of rebuttal showing, the plaintiff may not rely simply upon his prima facie evidence but must, instead, introduce additional evidence of age discrimination." Id. Appellant offered no additional evidence of age discrimination other than what he relied on to make his prima facie case. Appellant presented no evidence that Rosemont's explanations were "factually false." Nor did appellant introduce any evidence that other, but younger, employees were not fired even though they engaged in the same type of behavior that Meyer and Glotfelty accused appellant of engaging in. Therefore, this Court finds no additional evidence other than that which established appellant's prima facie case that age played any part in his termination.
 {¶ 20} In addition, in his brief to this Court, appellant argues that the recent United States Supreme Court case Smith v.Jackson (2005), 125 S.Ct. 1536, supports his argument. InSmith, the Court held that the federal Age Discrimination in Employment Act authorizes recovery in disparate impact cases. However, as this Court has found that appellant has failed to show that Rosemont's stated reason for terminating his employment was a pretext, this case is not a disparate impact case andSmith is inapplicable. Having found that appellant failed to prove that Rosemont's stated reason for terminating his employment was a pretext, this Court finds that the trial court properly awarded summary judgment in favor of Rosemont. Appellant's assignment of error is overruled.
 III. {¶ 21} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed albeit for reasons different than that expressed by that tribunal.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Moore, J., concur.
[1] Appellant voluntarily dismissed the individual defendant board members pursuant to Civ.R. 41(A) on June 23, 2004, leaving Rosemont as the sole defendant.
[2] Appellant voluntarily dismissed the defamation action.