[Cite as *Dunn v. GOJO Industries*, 2017-Ohio-7230.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KRISTINIA DUNN | C.A. No.     28392 |
|     Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GOJO INDUSTRIES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellee | CASE No.     CV-2015-07-3728 |

DECISION AND JOURNAL ENTRY

Dated: August 16, 2017

CALLAHAN, Judge.

{¶1} Kristinia Dunn appeals from the judgment of the Summit County Court of Common Pleas that granted summary judgment to GOJO Industries ("GOJO"). This Court affirms.

I.

{¶2} In October 2008, when she was 56 years old, Ms. Dunn was hired by GOJO as a document control coordinator. Ms. Dunn shared an office with another employee, who was also a document control coordinator.

{¶3} On March 12, 2015, several co-workers observed Ms. Dunn apparently asleep at her desk. One of the co-workers took a photograph, and another took two videos of Ms. Dunn. The matter was reported to Ms. Dunn's supervisor, who in turn reported it to GOJO's human resources department. The following day, Ms. Dunn was questioned about the incident. She denied being asleep, stating that she had closed her eyes and leaned her head back for a few

minutes to deal with a migraine headache. Ms. Dunn had not previously informed GOJO that she suffers from migraine headaches.

{¶4} Ms. Dunn was suspended, and her employment with GOJO was terminated on March 16, 2015. Ms. Dunn was 62 years old at this time. Following Ms. Dunn's termination, her former officemate, who was in her late 20s, was assigned the duties previously fulfilled by Ms. Dunn.

{¶5} Ms. Dunn sued GOJO alleging disability and age discrimination in violation of R.C. 4112.02. Following discovery, GOJO moved for summary judgment. Ms. Dunn responded in opposition. The trial court granted summary judgment in favor of GOJO.

{¶6} Ms. Dunn appeals raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT PREJUDICIALLY AND REVERSIBLY ERRED WHEN IT [] GRANTED DEFENDANT-APPELLEE GOJO'S MOTION FOR SUMMARY JUDGMENT ON THE DISABILITY DISCRIMINATION CLAIM FILED BY THE PLAINTIFF-APPELLANT KRISTINIA DUNN[.]

{¶7} In her first assignment of error, Ms. Dunn contends that GOJO was not entitled to summary judgment on her disability discrimination claim. This Court disagrees.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials in her pleadings, but must point to or submit evidence of the type specified in Civ.R. 56(C). *Id.* at 293; Civ.R. 56(E).

{¶10} R.C. 4112.02(A) prohibits "any employer, because of the * * * disability * * * of any person, to discharge without just cause * * * that person * * *." A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." R.C. 4112.01(A)(13).

{¶11} In opposing GOJO's summary judgment motion, Ms. Dunn argued that "a disability discrimination claim can include both an employer's taking an adverse employment action based on an employee's disability and an employer's failure to make a reasonable accommodation." The trial court addressed both possibilities. This Court does likewise.

Adverse Employment Action

{¶12} To establish a prima facie case of disability discrimination, a plaintiff must prove: (1) she was disabled; (2) she suffered an adverse employment action based, at least in part, on that disability; and (3) she could safely and substantially perform the essential functions of the

job. *See Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571 (1998); *see also Tripp v. Beverly Ents.-Ohio, Inc.*, 9th Dist. Summit No. 21506, 2003-Ohio-6821, ¶ 27, fn 1 (noting that, by statutory amendment, the word "disability" replaced the word "handicap"). If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its action. *Tripp* at ¶ 28. "The employer's burden regarding the legitimate[,] nondiscriminat[ory] rationale is one of production only." *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 667 (9th Dist.1990). Then, the burden shifts back to the employee to demonstrate that the proffered reason is a pretext for discrimination. *Tripp* at ¶ 28.

{¶13} "An employer may obtain summary judgment in a discrimination case by either demonstrating that the plaintiff's proffered evidence fails to establish a prima facie case, or by presenting a legitimate, nondiscriminatory explanation for the adverse employment action about which the plaintiff fails to create a factual dispute that the explanation is a pretext for discrimination." *Williams v. Time Warner Cable*, 9th Dist. Wayne No. 18663, 1998 WL 332937, *2 (June 24, 1998); *see also Tripp* at ¶ 28. GOJO argued, and the trial court found in its favor, on both of these bases. If the trial court was correct in either respect, the other issue and Ms. Dunn's arguments concerning it are moot. Consequently, this Court need not analyze both bases. *See* App.R. 12(A)(1)(c).

{¶14} GOJO put forth a legitimate, nondiscriminatory reason for terminating Ms. Dunn's employment. In support of its motion for summary judgment, GOJO presented affidavits from two of its human resources employees. Both employees averred that sleeping on the job is grounds for termination at GOJO and that multiple other individuals had their employment with GOJO terminated for sleeping on the job. One of the human resources employees detailed the

scope of her investigation into the allegation that Ms. Dunn was sleeping on the job on the date in question. The human resources manager explained that she decided to terminate Ms. Dunn's employment based on the facts gathered in that investigation. Thus, the burden shifted to Ms. Dunn to demonstrate that GOJO's proffered reason was a pretext for disability discrimination.

{¶15} To demonstrate pretext, "the plaintiff must show one of the following: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the adverse employment action, or (3) that the employer's reasons were insufficient to motivate the adverse employment action." *Chiancone v. City of Akron*, 9th Dist. Summit No. 26596, 2014-Ohio-1500, ¶ 18. Under the first method, the plaintiff provides evidence that the alleged reason for her discharge is "factually false." (Internal quotation marks and citation omitted.) *Dukes v. Associated Materials, L.L.C.*, 9th Dist. Summit No. 27091, 2014-Ohio-4322, ¶ 21. Under the second method, the plaintiff "admit[s] the factual basis underlying the employer's proffered explanation and further admit[s] that such conduct could motivate dismissal[, but] attempts to indict the credibility of h[er] employer's explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant." (Emphasis deleted.) (Internal quotation marks and citation omitted.) *Id*. Under the third method, the plaintiff presents evidence "that similarly situated employees were treated differently." (Internal quotation marks and citation omitted.) *Id.*

{¶16} Ms. Dunn's arguments are directed at the first method as she denies that she was sleeping on the job. She is not proceeding under the second method, which would include an admission that she engaged in the alleged conduct and that conduct could lead to discharge, although denying that it motivated her discharge. She is not proceeding under the third method

as she does not point to any evidence tending to establish that other similarly situated employees were treated differently.

{¶17} "The first method for proving pretext is an attack on the credibility of the employer's proffered reason." *Smith v. Dept. of Pub. Safety*, 10th Dist. Franklin No. 12AP-1073, 2013-Ohio-4210, ¶ 78. The plaintiff must do more than dispute the facts underlying the employer's decision; the plaintiff must put forth evidence that the employer lacked an honest belief in its proffered reason. *Horsley v. Burton*, 4th Dist. Scioto No. 10CA3356, 2010-Ohio-6315, ¶ 50. "[W]here the employer holds an honest belief in its proffered reason, the employee cannot establish that the reason is pretextual even if it is later shown to be mistaken or baseless." *Dept. of Pub. Safety* at ¶ 78.

{¶18} "Pretext does not address the correctness or desirability of reasons offered for employment decisions; rather, it addresses the issue of whether the employer honestly believes in the reasons it offers." (Internal quotation marks and citations omitted.) *Wigglesworth v. Mettler Toledo Internatl., Inc*., 10th Dist. Franklin No. 09AP-411, 2010-Ohio-1019, ¶ 19. To demonstrate an honest belief, "the employer must establish its reasonable reliance on particularized facts that were before it at the time it made the adverse employment decision." *Dept. of Pub. Safety* at ¶ 79, citing *Smith v. Chrysler Corp*., 155 F.3d 799, 807 (6th Cir.1998). The key inquiry is "whether the employer made a reasonably informed and considered decision." (Internal quotation marks and citation omitted.) *Mattessich v. Weathersfield Twp*., 11th Dist. Trumbull No. 2015-T-0068, 2016-Ohio-458, ¶ 48.

{¶19} Ms. Dunn contends that GOJO's proffered reason "was not an honestly held belief by the employer, [but] was opportunistic and false." Ms. Dunn has not elaborated on why

she believes GOJO's reason was "opportunistic" in light of the undisputed fact that she did not inform GOJO about her migraines until after the incident which led to her termination.

{¶20} The facts before GOJO at the time it decided to terminate Ms. Dunn's employment included a photograph, two videos, three witnesses' statements, and Ms. Dunn's statement. All three witnesses stated that Ms. Dunn appeared to be asleep. The photograph and videos corroborated their statements. In the photograph, Ms. Dunn is leaning back with her eyes closed and mouth partially opened. Her appearance in the videos is the same as in the photograph. In addition, it sounds as though Ms. Dunn is snoring in the videos. When asked by human resources about the incident, Ms. Dunn stated that she was not sleeping, but was suffering from a severe migraine headache and closed her eyes to ease the pain.

{¶21} Ms. Dunn contends the photograph and videos depict her "resting in quiet[,] eyes closed[,] heavy breathing to accommodate the effects of a migraine headache." In her deposition, Ms. Dunn admitted that she appears to be sleeping in the video, although she denied that she was in fact sleeping. Later, in her affidavit, she explained, "If I was snoring in the video it is because I have a well documented problem with asthma and that restricts my airways and makes me snore when I rest my head, face and jaw as I was in the video and [a] migraine can trigger my asthma and make my breathing difficult." Thus, Ms. Dunn contends she was not in fact sleeping.

{¶22} Even if Ms. Dunn were not actually sleeping, but merely appeared to be sleeping, that would not negate GOJO's good faith belief. *See Bowie v. Advanced Ceramics Corp.*, 72 Fed. Appx. 258, 263 (6th Cir.2003). An employee's denial of an accusation of sleeping on the job does not demonstrate that the employer's reason for termination has no basis in fact,

especially where there are eye-witness accounts and photographic evidence of the behavior. *See Liner v. Motor City Casino*, E.D.Mich. No. 10-14431, 2013 WL 1189710, *3 (Mar. 22, 2013).

**{¶23}** Ms. Dunn has not demonstrated that GOJO failed to make a reasonably informed and considered decision in light of the particular facts before it at the time. Rather, her argument is essentially that she did not agree with the results of GOJO's investigation. While she refers to the investigation as "cursory" and "one sided," the only additional investigation that she even suggests GOJO should have taken is to ask her for medical proof to support her claim. "In deciding whether an employer reasonably relied on the particularized facts then before it, [courts] do not require that the decisional process used by the employer be optimal or that it left no stone unturned." *Chrysler Corp.*, 155 F.3d at 807. To demonstrate that the employer did not make a reasonably informed and considered decision, the plaintiff must produce evidence that the decisional process was "unworthy of credence." *Id.* at 807-808, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Given the facts before GOJO and the extent of its investigation, Ms. Dunn has not demonstrated that its decisional process was "unworthy of credence" merely because it failed to request medical proof of her claim.

**{¶24}** Ms. Dunn also alleges that GOJO cannot show that she was not on a permitted break or what specific work she failed to complete at the time of the incident. Notably, she did not claim she was on a break when initially asked about the incident nor does she do so in her affidavit opposing summary judgment. Moreover, whether she was on a break or sleeping when she should have been working addresses whether GOJO's conclusion was correct, not its honest belief in its reason for the adverse action. Ms. Dunn does not explain the relevance of her allegation regarding completion of work assignments when GOJO's proffered reason for her termination was sleeping on the job. *See Wigglesworth*, 2010-Ohio-1019, at ¶ 21 (evidence of

satisfactory performance challenges the wisdom of the employer's decision; it does not demonstrate pretext). "As a general rule, the judiciary will not second guess business judgments by an employer making personnel decisions." *Manofsky*, 69 Ohio App.3d at 669. GOJO's decision as to what constitutes a terminable offense is a business decision that this Court will not second guess.

**{¶25}** GOJO presented a legitimate, nondiscriminatory basis for discharging Ms. Dunn and she failed to demonstrate that reason was a pretext for discrimination. Consequently, GOJO was entitled to summary judgment on Ms. Dunn's claim that it took an adverse employment action against her based on disability discrimination.

<u>Failure to Accommodate</u>

**{¶26}** The trial court found Ms. Dunn's failure to accommodate claim failed because (1) she was not disabled and (2) she did not request an accommodation. Because the failure to establish either one of these factors is dispositive, this Court limits its analysis to the issue of whether Ms. Dunn requested an accommodation. *See* App.R. 12(A)(1)(c).

**{¶27}** An employer's duty to make reasonable accommodations for an employee with a disability does not arise until after the employee makes a request for an accommodation. *See Eisele v. Polyone Inc.*, 9th Dist. Lorain No. 03CA008248, 2003-Ohio-6577, ¶ 28; *see also Tripp*, 2003-Ohio-6821, at ¶ 29. While the request does not have to be in any particular form or invoke any particular words, it must make "clear that the employee desires assistance for the disability." *Eisele* at ¶ 28. Mere knowledge that an employee has a disability does not generally raise a duty to accommodate because knowledge of the existence of a disability does not equate to knowledge of what limitations an employee has as result of the disability. *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 164 (5th Cir.1996). "The employer is not required to speculate as

to the extent of the employee's disability or the employee's need or desire for an accommodation." (Internal quotation marks and citation omitted.) *Tripp* at ¶ 29.

**{¶28}** "The timing of a request [for accommodation] is crucial." *Yarberry v. Gregg Appliances, Inc.*, 625 Fed. Appx. 729, 742 (6th Cir.2015). When an employee has committed misconduct warranting termination prior to making the request, an employer does not have to rescind the termination or engage in discussions concerning the request for accommodation. *Id.*

**{¶29}** Ms. Dunn argues that her "conduct in defending herself from the false charge of sleeping on the job by explaining that she was accommodating a migraine headache in any form of words triggers the employer's duty to begin an interactive discussion to seek to accommodate [her] disability." She suggests that GOJO preemptively terminated her rather than engaging in the process of seeking a reasonable accommodation. In support, she cites *Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir.2005) and *Maley v. EMH Regional Health Care Ctr.*, N.D.Ohio No. 1:09 CV 896, 2010 WL 907970 (Mar. 11, 2010).

**{¶30}** The present case is unlike *Cutrera* or *Maley*. In *Cutrera*, the employee was not being investigated for misconduct prior to informing her employer that she was seeking an accommodation. Rather, she informed her supervisor that she was having difficulties due to a vision impairment and met with a vocational rehabilitation counselor. *Id.* at 112-113. When she "could not immediately identify a workable accommodation," the employer terminated her employment. *Id.* at 113.

**{¶31}** In *Maley*, the employer had previously granted the plaintiff leave under the Family Medical Leave Act for migraine headaches and depression. *Maley* at *1. Thus, the employer was aware of the plaintiff's condition. *Maley* is similar to the present case in that both plaintiffs had migraines and both employers terminated their employment for allegedly sleeping

on the job.  But, unlike Ms. Dunn, Ms. Maley stated that she had previously asked for the accommodation of closing her eyes and getting out of the light, but had been denied that accommodation by the employer.  *Id.* at *3.

**{¶32}**  By contrast, Ms. Dunn failed to inform GOJO about her migraines at all until after she was being investigated for sleeping on the job.  Moreover, when informing GOJO about her migraines, Ms. Dunn did not request an accommodation.  Ms. Dunn was observed on March 12, 2015 apparently asleep at her desk.  When asked about the incident, Ms. Dunn responded in writing on March 13, 2015.  She wrote: "Regarding [the] charge of sleeping at my desk on 3-12-2015, I was not sleeping.  I was suffering from a severe migraine headache and admit to closing my eyes for several minutes in an attempt to ease the pain.  It apparently helped because I was able to complete the day without any further issue."  (All caps removed.)  Ms. Dunn's written explanation simply disputed the allegation that she was sleeping and reported that she was suffering from a migraine.

**{¶33}**  In her affidavit opposing summary judgment, Ms. Dunn states that she "*would have asked* for an accommodation of taking a break and resting [her] head and eyes in a darkened room had an inquiry been made in response to [her] telling [GOJO that she] suffered from this disability."  (Emphasis added.)  Construing the evidence in Ms. Dunn's favor, she may have informed GOJO that she believed she suffered from a disability, but she did not make a request for an accommodation at that time.  She did not describe the extent of her alleged disability or what limitations it caused.  She did not state that she needed or desired an accommodation.  Finally, she did not even mention her alleged disability until after she engaged in the conduct that GOJO gave as the reason for her termination.  Ms. Dunn did not request an accommodation; rather, she requested that her prior conduct be excused.

{¶34} Ms. Dunn's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT PREJUDICIALLY AND REVERSIBLY ERRED WHEN IT [] GRANTED DEFENDANT-APPELLEE GOJO'S MOTION FOR SUMMARY JUDGMENT ON THE AGE DISCRIMINATION CLAIM FILED BY PLAINTIFF-APPELLANT KRISTINIA DUNN.

{¶35} In her second assignment of error, Ms. Dunn claims that the trial court allowed GOJO "to rest its defense on conclusory opinions that it did not discriminate that contradict its admission [that Ms. Dunn] has a prima facie case," that the court erred in relying on evidence from GOJO's disability discrimination defense, and that whether she was sleeping remained as a fact issue for the jury. This Court disagrees.

{¶36} When bringing an age discrimination claim, a plaintiff must elect which statute she is proceeding under – R.C. 4112.02, 4112.05, or 4112.14. *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, ¶ 31. Ms. Dunn chose to pursue an action under R.C. 4112.02. R.C. 4112.02(A) prohibits "any employer, because of the * * * age * * * of any person, to discharge without just cause * * * that person * * *." "'[A]ge' means at least forty years old." R.C. 4112.01(A)(14).

{¶37} A plaintiff establishes a prima facie case of age discrimination by demonstrating: "(1) that [s]he is a member of a protected class; (2) that [s]he was qualified for the position in question; (3) that [s]he suffered an adverse employment action despite [her] qualifications; and (4) that [s]he 'was replaced by, or the discharge permitted the retention of, a person of substantially younger age.'" *Craddock v. Flood Co.*, 9th Dist. Summit No. 23882, 2008-Ohio-112, ¶ 12, quoting *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, paragraph one of the syllabus. If the plaintiff establishes her prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment

action. *Craddock* at ¶ 13. Once the employer does so, the burden shifts back to the plaintiff to demonstrate that the purported reason is a pretext for discrimination. *Id.*

{¶38} GOJO did not dispute, "for summary judgment purposes only," that Ms. Dunn set forth a prima facie case of age discrimination. Instead, it reasserted its legitimate, nondiscriminatory reason for terminating her employment, namely that she appeared to be sleeping on the job. GOJO further argued that Ms. Dunn could not demonstrate pretext. GOJO pointed to Ms. Dunn's deposition wherein she testified that she believed she was terminated because of her age because "GOJO replaced [her] with [her former officemate] who was trained by [her] to handle the job in [her] absence." When asked if she had any other facts to support her claim, Ms. Dunn testified, "No, because [her former officemate] was the only one trained to cover in my absence in that department."

{¶39} In her opposition brief, Ms. Dunn noted that GOJO had conceded that she had established a prima facie case of age discrimination. She continued that "[GOJO] claims the case is defeated by its excuse offered for termination, but that excuse, has been discredited by [Ms. Dunn] supra [in response to the disability discrimination claim]." She did not point to any additional evidence tending to show pretext. She concluded that GOJO was not entitled to summary judgment on her age discrimination claim.

{¶40} The trial court found that GOJO articulated a legitimate, nondiscriminatory reason for terminating Ms. Dunn's employment and that Ms. Dunn did not meet her burden to show that reason was a pretext for discrimination. The trial court noted that the fact that Ms. Dunn was replaced with a younger co-worker is evidence of her prima facie case, but not applicable to her reciprocal burden of demonstrating pretext.

{¶41} On appeal, Ms. Dunn argues that GOJO's "opinion[ ] that it did not discriminate [ ] contradict[s] its admission that [she] has a prima facie case." This argument ignores the burden shifting that occurs in discrimination cases. "Prima facie tests are mechanisms by which courts may readily dispose of cases that cannot sustain a particular cause of action." *Coryell*, 101 Ohio St.3d 175, 2004-Ohio-723, at ¶ 17. That does not mean, however, that establishing a prima facie case automatically entitles the plaintiff to judgment. Once the plaintiff establishes a prima facie case, the defendant may present evidence to rebut the presumption of discrimination. At that point, the plaintiff may not rely on its prima facie case to challenge the employer's proffered reason, but must introduce additional evidence of age discrimination. *See Wilson v. The Rosemont Country Club*, 9th Dist. Summit No. 22517, 2005-Ohio-6606, ¶ 19. The ultimate burden of persuasion to demonstrate discrimination remains with the plaintiff. *Manofsky*, 69 Ohio App.3d at 667; *Craddock*, 2008-Ohio-112, at ¶ 13.

{¶42} In this case, GOJO asserted that it had a legitimate, nondiscriminatory reason for terminating Ms. Dunn. Offering a legitimate, nondiscriminatory reason for its action does not "contradict" its concession "for purposes of summary judgment" that Ms. Dunn had established a prima facie case of age discrimination. Rather, by doing so, GOJO was meeting its burden of production under the burden-shifting framework in discrimination cases. Once GOJO put forth a legitimate, nondiscriminatory reason for its action, the burden shifted back to Ms. Dunn to demonstrate that reason was a pretext for discrimination. *See Craddock*, 2008-Ohio-112, at ¶ 13.

{¶43} Ms. Dunn criticizes the trial court for allowing GOJO to rely on the same evidence that it relied on in opposing her disability discrimination claim. Ms. Dunn has not cited any case law or other authority for the proposition that an employer's defense to a disability discrimination claim is inapplicable when defending against an age discrimination claim. *See*

App.R. 16(A)(7). (requiring an appellant to support its argument with citations to authority). Moreover, given that an employer may rebut a prima facie case of disability or age discrimination by presenting its legitimate, nondiscriminatory reason for its action, it is logical that its defense against one claim would mirror its defense against the other.

{¶44} GOJO's asserted reason for terminating Ms. Dunn was that she was sleeping on the job. This reason was not, and logically would not be, different when addressing the disability and the age discrimination claims. It is axiomatic that when reasserting its earlier argument, GOJO relied on the same evidence, including the affidavits from its two human resources employees stating that Ms. Dunn was discharged for sleeping on the job and that GOJO discharged six other employees, ages 21 to 50, for sleeping on the job.

{¶45} Ms. Dunn also argues that whether she was sleeping on the job was a fact issue to be decided by a jury. Ms. Dunn asserts that she was not sleeping on the job, but was dealing with a migraine headache. This dispute, however, does not create a "genuine issue [of] material fact." *See* Civ.R. 56(C). A disputed fact alone is not sufficient to overcome a motion for summary judgment. *See id*. Rather, "[t]he dispute must be 'material' in that the facts involved have the potential to affect the outcome of the lawsuit." *Manofsky*, 69 Ohio App.3d at 666.

{¶46} Under the substantive law for a discrimination claim, "to avoid summary judgment, the plaintiff must provide more than a simple denial of the conduct giving rise to the discharge. The plaintiff must present evidence creating a material dispute as to the employer's honest belief in its proffered legitimate, nondiscriminatory reason." *Wigglesworth*, 2010-Ohio-1019, at ¶ 19. *Accord Horsley*, 2010-Ohio-6315, at ¶ 50.

{¶47} In the present case, the relevant issue is not whether Ms. Dunn was, in fact, sleeping on the job, but whether GOJO had an honest belief that she was. *See Williams*, 1998

WL 332937, at *5 ("issue is not whether [employee] did it, but whether [employer] acted with discriminatory intent"). While Ms. Dunn disputes whether she was sleeping, she did not put forth any evidence tending to show that GOJO lacked an honest belief that she was sleeping on the job.

{¶48} Ms. Dunn's second assignment of error is overruled.

III.

{¶49} Ms. Dunn's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

SUSAN C. RODGERS and NEIL BHAGAT, Attorneys at Law, for Appellee.