NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0048n.06

No. 23-3286

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 31, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| MURRAY FISHER, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| AIRGAS USA, LLC and AIRGAS, INC., oka Airgas, | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: MOORE, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Murray Fisher sued his former employer, Airgas, asserting a disability-discrimination claim under Ohio law. The district court granted summary judgment to Airgas. We reverse.

I.

In describing the facts for purposes of summary judgment, we view the record in the light most favorable to Fisher. *See Sloat v. Hewlett-Packard Enter. Co.*, 18 F.4th 204, 207 (6th Cir. 2021). In October 2019, Airgas hired Fisher as an "operations technician," a role in which he used power tools, worked with combustible gases, and drove a company vehicle. A month later, doctors diagnosed him with liver cancer. Yet Fisher continued to work for the next nine months and received positive performance reviews from his supervisor, Kristopher Majors. In August 2020, however, doctors told Fisher that he needed surgery. Around that time, he requested accommodations for medical leave and for time off to attend doctors' appointments.

Airgas granted both requests. Fisher had surgery later that month and Airgas allowed him to take eight weeks of medical leave.

Fisher returned to work in October 2020, but his medical treatments were causing him pain and nausea. A former coworker told Fisher that a product called "Free Hemp" might help with his symptoms. He later purchased that product and began taking a half-teaspoon per day to help manage pain. Fisher did not tell Airgas that he was taking hemp, but Airgas had no policy prohibiting its use.

In November 2020, Airgas selected Fisher for a random drug test. A contractor, HireRight, reported that Fisher's sample was positive for "marijuana." In response, Fisher denied using marijuana and asked for a retest, explaining that his use of Free Hemp might have caused a false positive.

Airgas agreed to a retest, albeit one using the same sample as Fisher's first test. But Airgas did not tell HireRight that Fisher had been using hemp. Nor did Airgas ask HireRight whether using a legal hemp product—like the one Fisher claimed to have used—could have caused a false-positive test for marijuana. Meanwhile, Fisher himself contacted HireRight about his positive drug test. HireRight's Medical Review Officer, Dr. George Zoret, told Fisher (by email) that he had tested positive for tetrahydrocannabinolic acid ("THCA"). That is a different substance from delta-9 tetrahydrocannabinol ("THC"), which is more commonly associated with marijuana use. Later, Fisher's retest was also positive for "marijuana," and Airgas fired him.

Fisher thereafter sought reinstatement. In support, he reiterated to Airgas his previous explanation for the positive tests and said that, in his view, HireRight had mislabeled the THCA in his sample as marijuana. But Airgas's Vice President of Human Resources, Sherrie Shiflett, informed Fisher that HireRight's "Chief Medical Officer," Dr. Todd Simo, had told her that

2

Fisher's sample contained "THC" and that Fisher's use of a legal hemp product would not have caused Fisher's positive tests. Contrary to Shiflett's email, however, Dr. Simo states in an affidavit that Fisher tested positive for THCA, not THC. Ultimately, Airgas rejected Fisher's explanation and refused to reinstate him.

In March 2021, Fisher sued Airgas in state court, claiming that Airgas had engaged in disability discrimination in violation of Ohio Revised Code § 4112.02. Airgas removed the case to federal court and filed a motion for summary judgment. In support, Airgas filed Dr. Simo's affidavit and Fisher moved to strike it. The district court granted summary judgment to Airgas on Fisher's disability-discrimination claim, holding that Airgas's stated reason for firing Fisher was not pretextual. The court also denied Fisher's motion to strike. *See Fisher v. Airgas USA, LLC*, 659 F. Supp. 3d 828, 839, 843 (N.D. Ohio 2023). Fisher now appeals the district court's decision granting summary judgment to Airgas.

## II.

## A.

We first address a question regarding our jurisdiction. Fisher originally filed this case in Ohio state court against Airgas and his former supervisor, Majors, and sought damages in excess of $75,000. Fisher and Majors are citizens of Ohio; Airgas is not. As relevant here, Fisher tried to serve the summons and complaint on Majors by certified mail, but the record does not indicate whether Majors received those documents. Later, Airgas removed this case to the district court under 28 U.S.C. § 1441, based on diversity of citizenship.

Whether Fisher had "properly joined and served" Majors as of the date of removal is unclear. 28 U.S.C. § 1441(b)(2). Hence whether removal was proper under section 1441 is likewise unclear. *Id.*; *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.

3

1999).   What is clear, though, is that Fisher never moved to remand, and that he voluntarily dismissed Majors from this case before the district court granted summary judgment to Airgas. The remaining parties—Fisher and Airgas—were therefore completely diverse at the time of the final judgment.  We therefore have jurisdiction.  *See* 28 U.S.C. §§ 1332, 1291; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64, 70–78 (1996); *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 324–28 (6th Cir. 2007).

B.

We review the district court's grant of summary judgment de novo.  *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018).

We apply Ohio law in this case.  *SHH Holdings, LLC v. Allied World Specialty Ins. Co.*, 65 F.4th 830, 836 (6th Cir. 2023).   Ohio law prohibits an employer from firing an employee because of his disability.  Ohio Rev. Code § 4112.02; *Hall v. Crawford Cnty. Job and Family Servs*., 188 N.E.3d 1138, 1144 (Ohio Ct. App. 2022).   Fisher does not provide direct evidence of discrimination, so his claim proceeds under the burden-shifting framework announced in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).  *See Jaber v. FirstMerit Corp.*, 81 N.E.3d 879, 886 (Ohio Ct. App. 2017).   Under that framework, the plaintiff must first establish a prima facie case of discrimination; if the plaintiff does that, the employer must identify a legitimate, nondiscriminatory reason for the adverse employment action; and if the employer does that, the plaintiff must prove that the employer's reason is a mere pretext for discrimination.  *Hood v. Diamond Prods., Inc.*, 658 N.E.2d 738, 741–42 (Ohio 1996).

Here, the district court granted summary judgment on the basis of the honest-belief rule. Under that rule, if an employer proves that it honestly believed in a nondiscriminatory reason for firing an employee, "the employee cannot establish that the reason is pretextual even if it is later

4

shown to be mistaken or baseless." *Dunn v. GOJO Indus.*, 96 N.E.3d 870, 876 (Ohio Ct. App. 2017) (quotation omitted). To demonstrate an honest belief, the employer must provide evidence that it made a "reasonably informed and considered decision" based on reasonable reliance on "particularized facts that were before it" when it fired the employee. *Id.* The employer need not show that it left "no stone unturned." *Id.* at 877 (quotation omitted). But if the employer conducts no meaningful investigation, it cannot show the requisite "honest belief." *Cavins v. S & B Health Care, Inc.*, 39 N.E.3d 1287, 1311 (Ohio Ct. App. 2015).

Here, after the positive test, Fisher told Airgas that he had not used marijuana and that he had been taking a hemp product to assuage the symptoms from his liver cancer. He also asked Airgas for a retest. Yet, for purposes of that retest, Airgas never told HireRight that Fisher was taking hemp. Nor did Airgas ask HireRight whether hemp could have caused Fisher's positive test. Instead, Airgas just resubmitted the same sample for testing and fired Fisher when the retest came back positive. Fisher expressly raised with Airgas—specifically for purposes of his retest— the question whether his hemp usage had caused his sample to test positive for marijuana. Yet Airgas did nothing to investigate that possibility—even though doing so would have been as easy as sending an email to HireRight flagging that possibility. Airgas therefore has not established— as a matter of law, as necessary for summary judgment—that it made a "reasonably informed and considered decision." *Dunn*, 96 N.E.3d at 876; *Cavins*, 39 N.E.3d at 1311.

Airgas counters that HireRight's Chief Medical Officer, Dr. Simo, told Airgas that hemp could not have caused Fisher's positive tests. But that confirmation came after Airgas fired Fisher, not before. And the only facts that matter for purposes of the honest-belief rule are those that were before the employer "at the time" it fired its employee. *Dunn*, 96 N.E.3d at 876.

Second, Airgas contends that Fisher has not pled a prima facie case, which would be an independent reason for granting summary judgment in its favor. But the district court did not address that argument below and we choose not to address it here.

Finally, Fisher also appeals the district court's order denying his motion to strike, but he makes no argument challenging it in his merits brief. Fisher has therefore waived any appeal of that order. *Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021).

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.