[Cite as *State ex rel. Stoicoiu v. Stow-Munroe Falls City School Dist. Bd. of Edn.*, 2024-Ohio-5799.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO EX REL. KRISTY STOICOIU, et al. | C.A. No.    31100 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| STOW-MUNROE FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION | CASE No.    CV-2019-03-1182 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: December 11, 2024

FLAGG LANZINGER, Judge.

**{¶1}** Kristy Stoicoiu appeals the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of the Stow-Monroe Falls City School District Board of Education ("Board"). This Court reverses and remands the matter for proceedings consistent with this decision.

I.

**{¶2}** In C.A. No. 30345, this Court previously summarized the procedural history of this case as follows:

Ms. Stoicoiu sued the Board for breach of contract, retaliatory discharge, and wrongful termination arising from the Board's decision not to renew her contract as treasurer of the Stow-Munroe Falls City School District. She also petitioned the trial court for a writ of mandamus compelling the Board to renew her contract, maintained that the Board committed a Sunshine Law violation in connection with the non-renewal of her contract, and sought a declaratory judgment that the Board was in violation of various statutory obligations with respect to non-renewal of her

contract. The Board moved for summary judgment, arguing, with respect to Ms. Stoicoiu's retaliatory discharge claim, that she was not a whistleblower for purposes of Revised Code Section 4113.52.

After Ms. Stoicoiu opposed the motion for summary judgment, the trial court granted the Board leave to file a reply brief, in which the Board reiterated that Ms. Stoicoiu was not entitled to protection as a whistleblower. The Board also maintained that Ms. Stoicoiu had not demonstrated the remaining elements of a prima facie case of retaliatory discharge and, in the alternative, that the Board had a legitimate, nondiscriminatory basis for not renewing her contract. Ms. Stoicoiu moved to strike the Board's reply brief. The trial court denied her motion to strike and granted summary judgment to the Board. In doing so, the trial court concluded that Ms. Stoicoiu was a whistleblower for purposes of Section 4113.52. The trial court also concluded, however, that even assuming that Ms. Stoicoiu had established a prima facie case of retaliation, the Board had articulated a legitimate, nondiscriminatory basis for non-renewal of her contract and Ms. Stoicoiu had not produced evidence demonstrating that the Board's justification was pretext.

The trial court granted summary judgment to the Board on that basis, and Ms. Stoicoiu appealed.

*State ex rel. Stoicoiu v. Stow-Munroe Falls City School Dist. Bd. of Edn.*, 2023-Ohio-2569, ¶ 2-4 (9th Dist.). This Court reversed and remanded the matter, because "the Board did not argue in its motion that it had a legitimate, nondiscriminatory reason for non-renewal of her contract . . . Instead, the Board did so in its reply brief." *Id.* at ¶ 9. This Court concluded that because "a reply brief should not set forth new arguments[,]" the trial court erred in granting summary judgment when it "denied Ms. Stoicoiu the meaningful opportunity to respond to that argument." *Id.* at ¶ 10, quoting *Smith v. Ray Esser & Sons, Inc.*, 2011-Ohio-1529, ¶ 15 (9th Dist.).

{¶3} On remand, the Board filed a new motion for summary judgment. Ms. Stoicoiu filed her new opposition, and the Board filed a new reply. The trial court granted the Board's new motion for summary judgment after finding that there was a "lack of causal connection between Stoicoiu's report of the superintendent's improper expenditures and the nonrenewal of her contract" and "there was a legitimate reason for Stoicoiu's discharge that was not pretextual[.]"

The trial court concluded that reasonable minds can only reach one conclusion, that Stoicoiu was not a whistleblower under R.C. 4113.52(A)(l)(a).

**{¶4}** Ms. Stoicoiu now appeals raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF STOW-MUNROE FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION BY WEIGHING EVIDENCE IN FAVOR OF STOW-MUNROE FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION BY HOLDING THAT REASONABLE MINDS COULD ONLY REACH ONE CONCLUSION AS TO WHETHER A CAUSAL CONNECTION EXISTED BETWEEN STOICOIU'S REPORT OF THE SUPERINTENDENT'S IMPROPER EXPENDITURES AND THE ADVERSE ACTION ON HER EMPLOYMENT.**

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF STOW-MUNROE FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION BY WEIGHING THE EVIDENCE IN FAVOR OF STOW-MUNROE FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION BY HOLDING THAT REASONABLE MINDS COULD ONLY REACH ONE CONCLUSION THAT STOICOIU'S DISCHARGE WAS NOT PRETEXTUAL.**

**{¶5}** In her assignments of error, Ms. Stoicoiu argues that the trial court erred by granting the Board's motion for summary judgment on Ms. Stoicoiu's retaliatory discharge claim because genuine issues of material fact exist. We agree.

**{¶6}** Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} R.C. 4113.52(B) prohibits employers from taking "any disciplinary or retaliatory action" against an employee who reports a violation of the law as required by R.C. 4113.52(A). *See also Lee v. Cardington*, 2014-Ohio-5458, ¶ 1. To establish a claim of retaliatory discharge in violation of R.C. 4113.52(B), an employee must demonstrate that (1) he or she was entitled to protection under the statute, (2) that adverse employment action was taken, and (3) that there was a causal link between the adverse action and the protected activity. *Pohmer v. JPMorgan Chase Bank, N.A.*, 2015-Ohio-1229, ¶ 52 (10th Dist.). *See generally Thatcher v. Goodwill Industries of Akron*, 117 Ohio App.3d 525, 534-535 (9th Dist. 1997). "Once an employee establishes a prima facie claim of retaliation, then the burden shifts to the employer to show that there was a legitimate reason[] for the discharge. If the employer can establish a legitimate reason, the burden shifts back to the employee to show that the employer's articulated reason was pretextual." *O'Malley-Donegan v. MetroHealth Sys.*, 2017-Ohio-1362, ¶ 20 (8th Dist.). In the context of summary judgment, an employer may prevail under this burden-shifting framework "by either demonstrating that the plaintiff's proffered evidence fails to establish a prima facie case, or by presenting a legitimate, nondiscriminatory explanation for the adverse employment action about which the plaintiff fails to create a factual dispute that the explanation is a pretext for

discrimination." *Dunn v. GOJO Industries*, 2017-Ohio-7230, ¶ 13 (9th Dist.), quoting *Williams v. Time Warner Cable*, 1998 WL 332937, *2 (9th Dist. June 24, 1998).

**{¶8}** In her civil complaint, Ms. Stoicoiu alleged that the Board's decision not to renew her contract as treasurer was an act of retaliatory discharge in violation of R.C. 4113.52. She asserted that she engaged in protected activity under the statute by reporting the superintendent's improper expenditures and that this activity was the cause of the Board's adverse employment action. In its motion for summary judgment, the Board argued that Ms. Stoicoiu failed to establish a prima facie case under the whistleblower statute, citing an absence of a causal connection between her reports and the nonrenewal of her contract. Alternatively, the Board asserted that even if she could establish a prima facie case, it had a legitimate, nonretaliatory reason for its decision: her alleged failure to detect ongoing financial irregularities during her tenure as treasurer. The Board supported its motion with deposition testimony, internal documents highlighting the alleged deficiencies in Ms. Stoicoiu's performance, and evidence of its prompt corrective actions in response to her reports.

**{¶9}** We agree with the trial court's finding that the Board met its initial burden under Civ.R. 56 by pointing to evidentiary materials showing no genuine issue of material fact and articulating legitimate, nondiscriminatory reasons for not renewing the contract. Specifically, the Board cited deposition testimony from Board member David Licate where he discussed that "the Board was concerned with the fact that the irregularities had occurred over a span of approximately three years." The Board also offered deposition testimony from then Board President Lisa Johnson-Bowers about her belief that the Treasurer's office failed to implement adequate financial controls and was "floored" by the scale of approved charges. The Board presented deposition testimony from Board member Jason Whitacre, who testified about specific performance-related

questions posed to Stoicoiu by the Board's members during an executive session of the Board. The Board also offered a copy of the Board's January 16, 2019, meeting minutes that documented the questioning of Ms. Stoicoiu about office protocols and concerns over her performance. Together, this evidence demonstrated the Board's dissatisfaction with her performance as Treasurer and provided a legitimate, nondiscriminatory explanation for the nonrenewal of her contract, satisfying its initial summary judgment burden.

{¶10} Once the Board met its initial burden, the burden shifted to Ms. Stoicoiu, as the nonmoving party, to produce specific facts showing a genuine issue for trial. In her opposition, she argued that the Board's justification for her nonrenewal was a pretext for retaliation, relying on specific evidence.

{¶11} Attached to her opposition, Ms. Stoicoiu presented her deposition testimony, in which she testified that concerns about her performance arose only after she reported financial misconduct and tied the timing of her whistleblowing activities directly to the Board's actions. This evidence suggested a close temporal proximity between her protected activity and the nonrenewal of her contract. Ms. Stoicoiu also provided salary records and Board meeting minutes showing that the superintendent and his assistant, who were implicated in the misconduct, retained their positions and received raises. This evidence supported her claim of disparate treatment, highlighting a contrast between how the Board treated her versus those directly involved in the financial misconduct. Additionally, Ms. Stoicoiu submitted deposition testimony from Board Member Licate and then-Board President Johnson-Bowers, who confirmed that she never received written evaluations during her tenure, despite Board policy requiring annual evaluations. This lack of documentation suggested an absence of prior criticisms of her performance.

{¶12} Ms. Stoicoiu also attached her own affidavit, an affidavit from her expert witness, and the Board's response to her interrogatories. In her affidavit, Ms. Stoicoiu averred that she informed Johnson-Bowers about the potential fraud, thoroughly investigated the financial issues, and reported her findings to the State Auditor. She further averred that after disclosing her report to Johnson-Bowers, the Board President criticized her for making the report. Ms. Stoicoiu also attached the Ohio State Auditor's notice of findings and findings from her own investigative reports. This evidence demonstrated that the Board relied on her findings to address the financial irregularities and potentially undermined the Board's assertion that her oversight was inadequate.

{¶13} Reviewing the evidence in the light most favorable to Ms. Stoicoiu, this Court concludes that she set forth sufficient evidence to create a genuine issue of material fact. Viewing this evidence in the light most favorable to Ms. Stoicoiu, a jury could reasonably conclude that the Board's justification for the nonrenewal of her contract was pretextual and that Stoicoiu was a whistleblower under R.C. 4113.52(A)(l)(a).

{¶14} Because Ms. Stoicoiu met her reciprocal burden of showing a genuine issue for trial, the trial court erred in granting summary judgment to the Board. Viewing the evidence most strongly in favor of the nonmoving party, reasonable minds could reach differing conclusions as to whether the Board's nonrenewal of Ms. Stoicoiu's contract was retaliatory. Accordingly, this Court sustains Ms. Stoicoiu's assignments of error.

### III.

{¶15} Ms. Stoicoiu's assignments of error are sustained.  The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JACK MORRISON, JR. and ANGELINA C. GINGO, Attorneys at Law, for Appellants.

ARETTA K. BERNARD and STEPHANIE OLIVERA MITTICA, Attorneys at Law, for Appellee.